# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 13-2353 / Weber v. Oliver and Lincoln Nat'l Life Ins. Co. |
| **Originating No. & Caption** | 2:13-cv-31 / Weber v. Oliver and Lincoln Nat'l Life Ins. Co. |
| **Originating Court/Agency** | U.S.D.C. Eastern District of Virginia - Norfolk Division |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. Section 1291 | |
| Time allowed for filing in Court of Appeals | 30 Days | |
| Date of entry of order or judgment appealed | October 2, 2013 | |
| Date notice of appeal or petition for review filed | October 30, 2013 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⊙ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

01/30/2013
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See additonal page. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the Court in granting the plaintiff's 12(b)(6) motion to dimiss the defedant's counterclaim erroneously found that a life insurance policy purchased with marital funds was not property for purposes of enforcing the fraudulent conveyance statute to set aside the beneficiary designation change made unilaterally by Husband that removed Wife as the beneficiary.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Janine Perry Weber | Adverse Party: The Lincoln Nat'l Life Ins. Co. |
|---|---|
| Attorney: Edward W. Wolcott, Jr.<br>Address: Wolcott Rivers Gates<br>301 Bendix Rd., Suite 500<br>Virginia Beach, VA 23452<br><br>E-mail: wolcott@wolriv.com<br><br>Phone: 757-497-6633 | Attorney: Megan B. Caramore<br>Address: Vandeventer Black LLP<br>101 W. Main St., Suite 500<br>Norfolk, VA 23510<br><br>E-mail: mcaramore@vanblk.com<br><br>Phone: 757-446-8600 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: | Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: |

| Appellant (Attach additional page if necessary.) ||
|---|---|
| Name: Melissa Sue Dancy Oliver<br><br>Attorney: Jonathan L. Stone, Esq.<br>Address: Norris & St. Clair, P.C.<br>2840 S. Lynnhaven Road<br>Virginia Beach, VA 23452<br><br>E-mail: jstone@norrisstclair.com<br><br>Phone: 757-498-7700 | Name: Melissa Sue Dancy Oliver<br><br>Attorney: Steven G. Owen, Esq.<br>Address: Courthouse Law Group<br>2521 North Landing Rd., Suite 200<br>Virginia Beach, VA 23452<br><br>E-mail: sgo@courthouselawgroup.com<br><br>Phone: 757-427-3348 |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| | |
|---|---|
| **Signature:** /s/ Jonathan L. Stone | **Date:** 11/18/2013 |
| **Counsel for:** Melissa Sue Dancy Oliver, Appellant ||

**Certificate of Service:** I certify that on ___11/18/2013___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Edward W. Wolcott, Jr., Esquire<br>Cartwright R. Reilly, Esquire<br>Samuel W. Meekins, Jr., Esquire<br>WOLCOTT RIVERS GATES<br>301 Bendix Road<br>Virginia Beach, VA 23452 | Megan B. Caramore, Esquire<br>VANDEVENTER BLACK LLP<br>101 West Main Street, Suite 500<br>Norfolk, VA 23510 |
| Signature: /s/ Jonathan L. Stone | Date: 11/18/2013 |

## Nature of Case

This case for breach of an insurance contract was filed by Janine Perry Weber against the Lincoln National Life Insurance Company on January 18, 2013. On February 15, 2013, Lincoln filed an Answer, Motion to Join Party on Counter-Claim, and Counter-Claim for Interpleader. Subsequently, the Court entered an Order granting Lincoln's Motion for Joinder on March 4, 2013, adding Melissa Sue Dancer Oliver as a party to the proceedings. On April 12, 2013, Oliver filed an Answer to the Counter-Claim Interpleader and a Counter-Claim against Janine Perry Weber. On May 3, 2013, Weber then filed her Motion to Dismiss. The Counter-Claim of Melissa Sue Dancer Oliver sought the Court to enter an Order finding certain conveyances fraudulent, specifically a change of beneficiary status in a life insurance policy which is the subject matter of Ms. Weber and Lincoln National Life Insurance Company suit and the fraudulent conveyance of silver bars and cash from her husband to her mother-in-law, Ms. Weber, pursuant to Va. Code Sections 55-80, and 20-107.3. The Court granted Ms. Weber's Motion to Dismiss as to Ms. Oliver's claim concerning the life insurance policy which claim was dismissed with prejudice pursuant to 12(B)(6) due to a failure to state a claim for which relief could be granted, and granted Ms. Weber's Motion to Dismiss as to Ms. Oliver's claims of civil bars and cash, which claims were dismissed without prejudice by virtue of lack of jurisdiction.